IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,547-01; 67,547-02; 67,547-03






EX PARTE ROBERT STEPHEN NUNES, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W380-82192-03; W380-82193-03; W380-82194-03 


 IN THE 380TH DISTRICT COURT FROM COLLIN COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery, sentenced to thirty years' imprisonment; aggravated assault, sentenced to ten years'
imprisonment; and aggravated kidnapping, sentenced to forty years' imprisonment. The Fifth Court
of Appeals affirmed his convictions. Nunes v. State, Nos. 05-04-01741-CR; 05-04-01741-CR; 05-04-01741-CR (Tex. App.-Dallas, March 28, 2006).

 Applicant contends that his trial counsel rendered ineffective assistance because she failed
to have Applicant evaluated for competency prior to trial and failed to object to the trial court's
failure to admonish Applicant prior to counsel entering Applicant's plea. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings on whether or not Applicant was evaluated for competency prior to
trial and if not, why not. The trial court shall make findings on whether or not Applicant was
properly admonished and if his plea was properly entered. If not, the trial court shall make findings
on whether or not Applicant was harmed by the court's failure to properly admonish him. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 6, 2007

Do not publish